```
                    FILED
           CLERK, U.S. DISTRICT COURT

                  12/18/2024

         CENTRAL DISTRICT OF CALIFORNIA
         BY: ___E.C.___ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>LOGAN JOHNSON,<br>　aka "Jay,"<br><br>　　　　Defendant. | No. **8:24-cr-00145-DOC**<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(A)(viii): Distribution of<br>Methamphetamine; 18 U.S.C.<br>§ 922(o)(1): Transfer of a<br>Machinegun; 18 U.S.C. § 922(g)(1):<br>Felon in Possession of a Firearm<br>and Ammunition; 26 U.S.C.<br>§ 5861(d): Possession of an<br>Unregistered Firearm; 18 U.S.C.<br>§ 922(a)(1)(A): Engaging in the<br>Business of Dealing in Firearms<br>Without a License; 18 U.S.C.<br>§ 924(d)(1), 21 U.S.C. § 853, 26<br>U.S.C. § 5872, and 28 U.S.C.<br>§ 2461(c): Criminal Forfeiture] |

　　　The Grand Jury charges:

1

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about October 4, 2023, in Orange County, within the Central District of California, defendant LOGAN JOHNSON, also known as "Jay," knowingly and intentionally distributed at least 50 grams, that is, approximately 227.7 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 922(o)(1)]

On or about October 13, 2023, in Los Angeles County, within the Central District of California, defendant LOGAN JOHNSON, also known as "Jay," knowingly transferred a machinegun, as defined in Title 18, United States Code Section 921(a)(24), and Title 26, United States Code, Section 5845(b), namely, a conversion device that was designed and intended solely and exclusively for the purpose of converting a semi-automatic handgun into a fully-automatic machinegun, and which was attached to a 9mm caliber handgun, bearing no legitimate serial number, constructed out of a Polymer80 frame and Glock-type firearm components (commonly referred to as a "ghost gun"), which defendant JOHNSON knew to be a machinegun.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about December 6, 2023, in Orange County, within the Central District of California, defendant LOGAN JOHNSON, also known as "Jay," knowingly and intentionally distributed at least 50 grams, that is, approximately 432.4 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[26 U.S.C. § 5861(d)]

On or about December 20, 2023, in Orange County, within the Central District of California, defendant LOGAN JOHNSON, also known as "Jay," knowingly possessed a firearm, namely, an AR-type, 7.62x39 caliber rifle, with an unknown manufacturer, bearing no serial number (commonly referred to as a "ghost gun"), with a barrel less than 16 inches in length, which defendant JOHNSON knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Section 5845(a) and 5845(c), and which had not been registered to defendant JOHNSON in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

On or about January 4, 2024, in Los Angeles County, within the Central District of California, defendant LOGAN JOHNSON, also known as "Jay," knowingly possessed a firearm, namely, a Kel-Tec CNC Industries, Inc., Model KS7, 12-gauge shotgun, bearing serial number QDD50, and ammunition, namely, 64 rounds of Fiocchi 12-gauge shotgun ammunition, each in and affecting interstate commerce.

Defendant JOHNSON possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of a Narcotic Drug, in violation of Indiana Code Section 35-48-4-6(a), in the Hancock Circuit Court of the State of Indiana, County of Hancock, Case No. 30C01-1510-F6-1620, on or about November 19, 2015;

2. Possession of Methamphetamine, in violation of Indiana Code Section 35-48-4-6.1, in the Gibson Superior Court of the State of Indiana, County of Gibson, Case No. 26D01-1607-F2-000666, on or about October 31, 2016;

3. Possession of a Narcotic Drug, in violation of Indiana Code Section 35-48-4-6(a), in the Marion County Superior Court of the State of Indiana, County of Marion, Case No. 49G25-1508-F6-030497, on or about January 4, 2017;

4. Burglary, in violation of Indiana Code Section 35-43-2-1, in the Daviess Superior Court of the State of Indiana, County of Daviess, Case No. 14D01-1607-F4-000970, on or about February 10, 2017;

     5.   Possession of Cocaine, in violation of Indiana Code Section 35-48-4-6(a), and Possession of Methamphetamine, in violation of Indiana Code Section 35-48-4-6.1, in the Hancock Superior Court of the State of Indiana, County of Hancock, Case Number 30D02-1810-F6-002269, on or about February 28, 2019;

     6.   Dealing in a Schedule IV Controlled Substance, in violation of Indiana Code Section 35-48-4-3(a), in the Hancock Circuit Court of the State of Indiana, County of Hancock, Case Number 30C01-1809-F4-002132, on or about April 14, 2022; and

     7.   Operating a Vehicle While Intoxicated: Prior Conviction Within 7 Years, in violation of Indiana Code Section 9-30-5-2(a), in the Marion County Superior Court of the State of Indiana, County of Marion, Case No. 49D36-2102-F6-003344, on or about October 27, 2023.

## COUNT SIX

[18 U.S.C. § 922(a)(1)(A)]

Beginning no later than on or about October 13, 2023, and continuing through at least on or about February 7, 2024, in Los Angeles and Orange Counties, within the Central District of California, defendant LOGAN JOHNSON, also known as "Jay," not being licensed as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, including firearms of unknown manufacturer and bearing no legitimate manufacturer's mark or serial number (commonly referred to as "ghost guns"), on or about the following dates:

| DATE | FIREARMS |
|---|---|
| October 13, 2023 | A 9mm caliber handgun, bearing no serial number, constructed out of a Polymer80 frame and Glock-type firearm components. |
| December 20, 2023 | An AR-type, 7.62x39 caliber rifle, bearing no serial number, with a barrel less than 16 inches in length. |
| January 4, 2024 | A Kel-Tec CNC Industries, Inc., Model KS7, 12-gauge shotgun, bearing serial number QDD50. |
| February 7, 2024 | 1) a 9mm caliber handgun, bearing no serial number, with a Glock-style slide and threaded barrel; and<br><br>2) a 9mm caliber handgun, bearing no serial number, with a Sig Sauer P320 slide. |

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offenses set forth in either of Counts One or Three of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond

the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Two, Five, or Six of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm involved in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

///

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

ANNE C. GANNON
Assistant United States Attorney
Chief, Orange County Office

MELISSA S. RABBANI
Assistant United States Attorney
Deputy Chief, Orange County Office

KEVIN Y. FU
Assistant United States Attorney
Orange County Office